**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY DALE HANDSHY,

      Plaintiff - Appellant,

v.

BILL GRAVES, Governor of the State
of Kansas; CARLA STOVALL,
Attorney General of the State of
Kansas,

      Defendants - Appellees.

No. 01-3155

(D. Kansas)

(D.C. No. CV-00-3424-GTV)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Handshy, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Handshy is a prisoner in the custody of the state of Kansas. In his complaint, he alleged that computer chips were implanted in his body at the time of his birth and that prison officials were "hacking into" these computer chips to obtain information about him, control him, and "puppet master" him. Concluding that the allegations were clearly delusional and frivolous, the district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Handshy's brief on appeal does not contain a single citation to authority or any meaningful analysis of the propriety of the district court's dismissal of the complaint. Instead, Handshy's appellate brief simply reasserts the same delusional and frivolous allegations set out in his complaint. Upon *de novo* review of the district court's order of dismissal, Handshy's appellate filings, and the entire record on appeal, we conclude that this appeal is frivolous. Accordingly, this court **DISMISSES** this appeal pursuant to § 1915(e)(2)(b)(i).

Despite our dismissal of this appeal, we remind Handshy that he remains obligated to continue making partial payments pursuant to 28 U.S.C. § 1915(b) until the appellate filing fee is paid in full. This court's dismissal of Handshy's appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). The district court's dismissal of Handshy's complaint on that same ground also counts

as a strike pursuant to § 1915(g).  Handshy is reminded that if he accrues three strikes, he will no longer be able to proceed *in forma pauperis* in any civil action filed in federal court unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge